```
 1  LAURA E. DUFFY
    United States Attorney
 2  STEVE MILLER
    Assistant U.S. Attorney
 3  California State Bar No. 138020
    United States Courthouse
 4  940 Front Street, Room 5152
    San Diego, California  92189-0150
 5  Telephone: (619) 546-7938
    email: steve.miller2@usdoj.gov
 6
    Attorneys for Plaintiff
 7  United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 10CR2803-DMS |
|---|---|---|
| Plaintiff, | ) ) | DATE: June 28, 2013 |
| v. | ) ) | TIME: 11:00 a.m. |
| JOHN MALONEY, | ) ) | GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S |
| Defendant. | ) ) | MOTION FOR BOND PENDING APPEAL |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Laura E. Duffy, United States Attorney, and Steve Miller, Assistant United States Attorney, and hereby files its response and opposition to defendants' above-referenced motion. Said response is based upon the files and records of this case, together with the attached statement of facts, memorandum of points and authorities.

**I**

**STATEMENT OF FACTS**

The United States adopts the evidence adduced at trial and incorporates it by reference.

Additional facts relevant to defendant's current motion for bond pending appeal are:

1. Defendant was released on bond with the condition that he violate no laws. [CR 6, 9.]

2. Defendant went to trial on July 29, 2010. Significantly, defendant testified on his behalf. He testified to various facts that supported his claim that he did not know there was marijuana in the sleeper shelf of a truck that had his name painted on the side.

3. Defense counsel told the jury that defendant's testimony was true.

4. Government counsel argued the various facts that showed that defendant's testimony was not true.

5. Defendant was convicted by the jury and this court remanded him to custody.

6. Successive requests for bond after conviction were denied by this court.

7. When this court sentenced defendant on August 5, 2011, there was an upward adjustment for obstruction of justice.

8. Defendant's conviction was AFFIRMED by the Ninth Circuit.

9. Defendant petitioned for an en banc review and it was granted. Oral argument is scheduled for September.

**II**

**POINTS AND AUTHORITIES**

**A.   DEFENDANT'S MOTION FOR BOND
       PENDING APPEAL SHOULD BE DENIED**

The United States opposes defendant's motion for bond pending appeal. The primary reason defendant's motion should be denied is that there is not a change in circumstances warranting bond at this stage of the proceedings. Defendant did not warrant bond during his initial appeal, his conviction was affirmed at the appellate level, and he currently stands convicted.

Any attempt to argue the merits of issues in the pending en banc review should be disregarded. The primary support of defendant's argument is the dissent of a Sixth Circuit judge. With all due respect, the dissent is the losing side. Additionally, defendant's repeated statement that he was "sandbagged" at trial with "three completely new arguments for rebuttal closing" is inaccurate. A review of the record shows that the arguments properly rebutted defendant's argument that his testimony was true. In fact, defendant's argument described his testimony as palpable, visceral, real, and told the jury that the government never had a got-you moment that proved him a liar beyond a reasonable doubt. [ER 373.]

The Government was entitled to call the jury's attention to the evidence that proved why defendant lied on the stand. That the prosecutor could reasonably anticipate defense counsel would argue that the testimony was true did not require the prosecutor to address defendant's anticipated arguments in the opening argument.

Therefore, the primary reason defendant's motion for bond pending appeal is because there is not a significant change of circumstance that warrants bond merely because of a pending en banc review.

3

The secondary reason that bond should be denied is because defendant violated the conditions of his bond. Defendant points out that he voluntarily returned to court when he knew there was a high likelihood of a guilty verdict. He also mentions that Pretrial Services never expressed concerns.

However, one standard condition of defendant's release is that he not commit a federal, state or local crime during the period of release. Defendant testified at trial. He lied. That was perjury in violation of 18 U.S.C. § 1621. Therefore, he violated the conditions of his bond during his release by violating a federal statute. This court concurred in this assessment when it enhanced defendant's sentence for obstruction of justice.

Defendant will undoubtably argue that he exercised his Constitutional right to a trial. There is no dispute that defendant has this Constitutional right. However, there is no Constitutionally cognizable right to fabricate evidence when you are facing criminal charges. A review of defendant's testimony, and a review of the cross-examination, and a review of the reasons addressed in the Government's rebuttal argument, will show how badly defendant lied to this court and to the jury.

One of defendant's arguments in support of bond is his expectation that he will prevail at the en banc review, and that he will be granted a new trial. That may very well be a possibility. However, he should not share a similar expectation that there would be any different result at any retrial; or that the United States will simply throw up its hands and say "this is too hard to go to trial again." Defendant drove a truck with marijuana in the sleeper compartment shelves, right behind the driver's seat of a truck that

4

had his name painted on the side. He lied in his sworn testimony. He stands convicted of the crime. His request for bond should be summarily denied.

## III

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that defendant's motion be denied.

DATED: June 21, 2013

                                     Respectfully submitted,

                                     LAURA E. DUFFY
                                     United States Attorney

                                     s/ Steve Miller

                                     STEVE MILLER
                                     Assistant U.S. Attorney

UNITED STATES OF AMERICA

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 10CR2803-DMS |
| ) | |
| Plaintiff, ) | |
| ) | CERTIFICATE OF SERVICE |
| v. ) | |
| ) | |
| JOHN MALONEY, ) | |
| ) | |
| Defendant, ) | |

IT IS HEREBY CERTIFIED THAT:

I, Steve Miller, am a Citizen of the United States over the age of eighteen years and a resident of San Diego county, California. My business address is 880 Front Street, San Diego, California 92101-8893. I am not a party to the above-entitled action. I have caused service of the **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies them.

1. **JOHN LEMON**

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case n/a the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 21, 2013.   s/Steve Miller
                              STEVE MILLER