UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA


BEFORE HONORABLE DANA M. SABRAW, JUDGE PRESIDING

_____
                              )
UNITED STATES OF AMERICA,      )
          PLAINTIFF.           )   CASE NO. 10CR2803-DMS
                              )
                              )   SAN DIEGO, CALIFORNIA
                              )   FRIDAY, JUNE 28, 2013
JOHN MALONEY,                  )      11:00 A.M. CALENDAR
          DEFENDANT.           )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

<u>MOTION HEARING</u>

COUNSEL APPEARING:

FOR PLAINTIFF:          LAURA E. DUFFY,
                        UNITED STATES ATTORNEY
                        BY:  STEPHEN FREDERICK MILLER
                        ASSISTANT U.S. ATTORNEY
                        880 FRONT STREET
                        SAN DIEGO, CALIFORNIA 92101


FOR DEFENDANT:          JOHN C. LEMON, ESQ.
                        1350 COLOMBIA STREET, SUITE 600
                        SAN DIEGO, CALIFORNIA 92101



           REPORTED BY:         LEE ANN PENCE
                        OFFICIAL COURT REPORTER
                        UNITED STATES COURTHOUSE
                        333 WEST BROADWAY, ROOM 1393
                        SAN DIEGO, CALIFORNIA 92101

```
 1      SAN DIEGO, CALIFORNIA – FRIDAY, JUNE 28,  2013 – 11:20 A.M.

 2                              *   *   *

 3           THE CLERK:  NO. 8 ON CALENDAR, CASE NO. 10CR2803,

 4   UNITED STATES OF AMERICA VERSUS JOHN MALONEY; ON FOR MOTION

 5   HEARING.

 6           MR. MILLER:  STEVE MILLER FOR THE UNITED STATES.

 7           THE COURT:  GOOD MORNING.

 8           MR. LEMON:  GOOD MORNING, YOUR HONOR.  JOHN LEMON

 9   FOR MR. MALONEY.  HE IS IN CUSTODY IN THE BUREAU OF PRISONS AT

10   I BELIEVE TAFT FCI, AND HAS WAIVED HIS APPEARANCE TODAY.

11           THE COURT:  GOOD MORNING.

12           I HAVE READ THE BRIEFING.  AND IT SEEMED TO ME THAT

13   THE KEY ISSUE HERE IS THE SECOND ELEMENT, AND THAT IS THAT

14   UNDER THE LAW THAT WAS WELL DISCUSSED IN YOUR BRIEFING, MR.

15   LEMON, THE COURT SHOULD CONTINUE TO DETAIN MR. MALONEY

16   UNLESS -- AND THEN THE NOT A FLIGHT RISK OR DANGER,

17   SUBSTANTIAL QUESTION OF LAW AND EXCEPTIONAL REASON.

18           THE SECOND AREA, SUBSTANTIAL QUESTION OF LAW LIKELY

19   TO RESULT IN A REVERSAL OR NEW TRIAL HAS A HARMLESS ERROR

20   FACTOR IN IT.  AND HERE IT SEEMS TO ME THAT THERE ARE

21   ARGUMENTS TO BE MADE THAT THERE IS NO ERROR.  I UNDERSTAND THE

22   ARGUMENT THAT THE ANALYSIS IS WHETHER THERE IS A SUBSTANTIAL

23   QUESTION.  SO IF WE GO TO THE HARMLESS ERROR ANALYSIS HERE THE

24   TENTATIVE WOULD BE TO DENY THE MOTION FOR BOND.  AND IN THE

25   2-1 PANEL DISCUSSION THE MAJORITY DISCUSSES THE HARMLESS ERROR
```

1   ISSUE, AND I AM IN AGREEMENT WITH THAT ANALYSIS.

2            OBVIOUSLY, I SAT AT THE TRIAL, AND IN MY VIEW THE

3   EVIDENCE WAS STRONG.  THERE WAS NO DOUBT IN MY MIND THAT MR.

4   MALONEY WAS GUILTY.  HE IS A VERY NICE PERSON AND HE IS A GOOD

5   MAN IN MANY, MANY WAYS OUTSIDE OF THIS ONE INCIDENT, BUT JUST

6   LOOKING AT THE FACTS OF THIS CASE IT SEEMS STRONG.  LOOKING AT

7   IT FROM THE POINT OF VIEW THAT HE WAS DRIVING A TRACTOR

8   TRAILER WITH 321 POUNDS OF MARIJUANA IN IT.  THE TRACTOR

9   TRAILER HAD HIS NAME ON IT, AND THE MARIJUANA WAS IMMEDIATELY

10  BEHIND HIM AND UNDERNEATH THE BED IN THE SLEEPER, ALL IN THE

11  CAB, SOME OF IT IN PLAIN VIEW, WOULD INDICATE THAT UNDER THE

12  SUBSTANTIAL QUESTION ANALYSIS, IT SEEMS TO ME, NO MATTER HOW

13  THE EN BANC PANEL COMES OUT, THERE IS A SIGNIFICANT HARMLESS

14  ERROR ISSUE HERE.

15            MR. LEMON.

16  **MR. LEMON:**  YOUR HONOR, I THINK THE FIRST THING TO

17  EMPHASIZE IS THAT MR. MALONEY DOES NOT NEED TO SHOW THAT IT IS

18  MORE LIKELY THAN NOT THAT HE WILL GET A NEW TRIAL.  THAT IS

19  NOT THE STANDARD.  HE HAS TO SHOW THAT HE HAS A SUBSTANTIAL

20  QUESTION, WHICH CLEARLY HE DOES.  THE NINTH CIRCUIT HAS TAKEN

21  THE CASE EN BANC.  AND THEN LIKELY TO RESULT IN REVERSAL IS A

22  SEPARATE ELEMENT, AND IT REFERS TO THE TYPE OF RELIEF.

23            SO IS IT LIKELY -- I THINK THAT IS WHERE YOUR HONOR

24  HAS GONE, IS BASICALLY I THINK YOU ARE SAYING -- CORRECT ME IF

25  I AM WRONG -- THAT YOU THINK THAT EVEN IF MR. MALONEY WINS

1    THAT THE EN BANC COURT IS GOING TO SAY IT WAS HARMLESS ERROR.

2         IS THAT ACCURATE?

3         **THE COURT:**  WELL, I GUESS THAT'S THE SECOND

4    COMPONENT OF THE SUBSTANTIAL QUESTION AREA IS LIKELY TO RESULT

5    IN REVERSAL.

6         **MR. LEMON:**  RIGHT.  AND AGAIN, BUT LIKELY TO RESULT

7    IN REVERSAL ONLY DEFINES THE TYPE OF RELIEF REQUESTED.

8    OBVIOUSLY, I AM ASKING FOR A NEW TRIAL, SO HE DOESN'T HAVE TO

9    SHOW HE IS MORE LIKELY THAN NOT TO WIN, HE HAS TO SHOW IF HE

10   WINS HE IS PROBABLY GOING TO GET A NEW TRIAL.

11        SO I THINK THE ONLY WAY YOUR HONOR COULD DENY THE

12   BAIL REQUEST, BASED ON THAT ELEMENT, THAT SECOND STEP OF 3143,

13   IS IF YOU FIND THAT -- YOU BELIEVE THAT IF MR. MALONEY WINS

14   THE EN BANC COURT IS GOING TO FIND IT TO BE HARMLESS ERROR.

15        I THINK THE FACT THAT THEY GRANTED EN BANC REVIEW AT

16   ALL SUGGESTS THE CONTRARY; THAT CLEARLY A MAJORITY OF THE

17   NONRECUSED ACTIVE JUDGES AT THE NINTH CIRCUIT BELIEVE THAT

18   THIS IS A SIGNIFICANT ISSUE, OBVIOUSLY.  BUT ALSO I THINK IT

19   IS JUST LESS LIKELY THAT THEY WOULD HAVE GRANTED EN BANC

20   REVIEW IF THEY ONLY INTENDED TO FIND A HARMLESS ERROR.

21        SO I GUESS, ALSO AS A PRACTICAL MATTER, I THINK I

22   GUESS JUST READING THE TEA LEAVES TO TRY TO PROJECT WHAT THESE

23   11 JUDGES, THAT WE DON'T EVEN KNOW WHO THEY ARE YET, ARE

24   NECESSARILY GOING TO SAY WELL, WE AGREE THAT THIS WAS

25   MISCONDUCT; HOWEVER UNDER THESE CIRCUMSTANCES IT IS HARMLESS.

1          THAT TYPE OF PROSPECTIVE ASSESSMENT I THINK IS
2   DIFFICULT TO MAKE.
3          ON THE OTHER HAND, ON THE OTHER SIDE OF THE SCALE WE
4   HAVE SOMEONE WHO HAS ALREADY DONE 26 MONTHS.  HE IS MUCH LESS
5   LIKELY, OBVIOUSLY, TO FLEE NOW THAN HE WAS AT THE TIME BECAUSE
6   HE HAS SERVED ALMOST ALL -- HALF OF HIS SENTENCE.  BY THE TIME
7   THIS CASE IS RESOLVED BY THE EN BANC COURT, AND IF THEY
8   RESOLVE IT IN HIS FAVOR AND ORDER A NEW TRIAL, IF HE STAYS IN
9   CUSTODY HE WILL HAVE SERVED HIS ENTIRE SENTENCE, OR VERY CLOSE
10  TO IT, BUT LIKELY HIS ENTIRE SENTENCE.
11         THE ARGUMENT IS IN SEPTEMBER AND THEN, AS YOUR HONOR
12  I AM SURE IS WELL AWARE, THEY CAN SIT ON THESE THINGS FOR WELL
13  OVER A YEAR.  SO I THINK IT IS LIKELY THAT EVEN IF HE WINS HE
14  WILL HAVE SERVED HIS ENTIRE SENTENCE.  SO REALLY, HE IS THE
15  ONLY ONE THAT CAN BE PREJUDICED.
16         ONE OF THE THINGS THAT IS -- ONE OF THE
17  EXTRAORDINARY CIRCUMSTANCES THAT WAS IDENTIFIED BY THE GARCIA
18  COURT IN FAVOR OF LETTING SOMEONE OUT ON BAIL IS THE QUALITY
19  OF THE QUESTION THAT IS UP FOR REVIEW.  AND CERTAINLY AT THE
20  TIME THAT THE VERDICT CAME BACK, I DIDN'T HAVE ANY EXPECTATION
21  THAT THIS CASE WOULD RESULT IN A PUBLISHED OPINION, MUCH LESS
22  AN EN BANC REHEARING.  BUT THE FACT IS IT DID.  SO THAT IS AN
23  EXTRAORDINARY CIRCUMSTANCE WHICH THE GARCIA COURT SAYS
24  MILITATES TOWARDS -- TOWARDS RELEASE BECAUSE HE COULD VERY
25  WELL END UP SERVING HIS ENTIRE SENTENCE BEFORE THE CASE IS

1    DECIDED.

2            **THE COURT:**  THE ENTIRE TENOR, THOUGH, OF THE EN BANC

3    GRANT IS FOCUSING ON MR. MILLER.  THEY ARE LOOKING AT

4    PROSECUTORIAL CONDUCT.  IT DOESN'T HAVE ANYTHING TO DO WITH

5    THE MERITS, AND THAT'S WHY I THINK THE HARMLESS ERROR --

6            **MR. LEMON:**  WE DON'T ACTUALLY KNOW THAT, YOUR HONOR.

7    THE EN BANC GRANT DOESN'T IDENTIFY THE ISSUE.  IN FACT THEY

8    MIGHT WANT TO HEAR ABOUT MY ARGUMENT ABOUT HE SHOULD HAVE

9    GOTTEN AN INSTRUCTION ON CHARACTER.  I MEAN, THERE IS A

10   CIRCUIT SPLIT ON THAT AS WELL.  SO I AM ACTUALLY PREPARING TO

11   ARGUE BOTH OF THOSE ISSUES, BECAUSE THEY DIDN'T IDENTIFY WHAT

12   THEY WANT TO HEAR.

13           AT THIS POINT ALL WE KNOW IS THAT THEY WANT TO

14   REVIEW THE CASE EN BANC.  IT IS A SUBSTANTIAL ISSUE THAT IS

15   PRESENTED.  AND I DON'T SEE HOW, PROSPECTIVELY, WE CAN SAY

16   EVEN IF MR. MALONEY WINS ON THE MERITS HE IS NOT GOING TO GET

17   A NEW TRIAL BECAUSE ANY ERROR WAS HARMLESS.  I JUST DON'T

18   THINK THAT WE CAN SAY THAT WITH ANY CONFIDENCE.

19           **THE COURT:**  GOING TO THE MERITS AGAIN, WHICH I THINK

20   IS THE HARMLESS ERROR ANALYSIS.  EXHIBIT K, THAT WAS A

21   PERSONAL PROPERTY LOG AT THE TIME OF BOOKING, AM I CORRECT?

22           **MR. LEMON:**  I HAVEN'T LOOKED AT THE EXHIBITS LATELY,

23   BUT I THINK THAT IS WHAT -- I THINK I KNOW WHAT YOU ARE

24   REFERRING TO.

25           **THE COURT:**  IT IDENTIFIED THAT MR. MALONEY HAD A

1  $1.27 ON HIS PERSON, THAT EXHIBIT.

2  　　　　**MR. LEMON:**  THAT RINGS A BELL.

3  　　　　**THE COURT:**  DO YOU HAVE ANY OTHER INFORMATION ABOUT

4  IT?

5  　　　　**MR. LEMON:**  ABOUT THAT EXHIBIT?

6  　　　　**THE COURT:**  YES.

7  　　　　**MR. LEMON:**  MY RECOLLECTION OF THE JURY NOTE -- IS

8  THAT WHAT YOUR HONOR IS REFERRING TO, WHEN THEY ASKED ABOUT AN

9  EXHIBIT?  I HAD USED AN EXHIBIT TO IMPEACH THE AGENT ON A

10  TOTALLY UNRELATED POINT.  THE JURY THEN SENT BACK A NOTE

11  SAYING THAT THEY WANTED TO LOOK AT THAT PROPERTY INVENTORY.

12  　　　　AT THAT POINT I AGAIN RENEWED MY MOTION FOR A

13  MISTRIAL BASED ON THE FACT THAT I BELIEVED THE JURY WAS

14  LOOKING FOR PRIVATE SANTIAGO'S LUGGAGE FROM THE FILM

15  A FEW GOOD MEN.  SO THAT WAS THE ARGUMENT THAT I MADE AT THE

16  TIME, I REMEMBER THAT.  I THINK THE JURY WAS LOOKING FOR MR.

17  MALONEY'S LUGGAGE.

18  　　　　**THE COURT:**  THE MINUTES INDICATE THAT EXHIBIT K IS A

19  PERSONAL PROPERTY INVENTORY --

20  　　　　**MR. LEMON:**  RIGHT.

21  　　　　**THE COURT:**  -- FROM DEFENDANT'S ARREST.

22  　　　　**MR. LEMON:**  MY RECOLLECTION IS THAT I HAD USED THAT

23  TO EITHER IMPEACH THE AGENT OR REFRESH HIS RECOLLECTION WITH

24  SOMETHING ON AN UNRELATED POINT.  BUT BECAUSE I HAD IDENTIFIED

25  IT AS A PERSONAL PROPERTY INVENTORY THE JURY WANTED TO SEE IT

1    BECAUSE OF THE GOVERNMENT'S ARGUMENT IN ITS REBUTTAL CLOSING.

2         **THE COURT:**  MR. MILLER, DO YOU HAVE A RECOLLECTION

3    OF WHAT EXHIBIT K HAD WITHIN IT?

4         **MR. MILLER:**  NO.

5         **THE COURT:**  I DO KNOW IT IS A PERSONAL PROPERTY

6    INVENTORY, BUT DID IT IDENTIFY ANYTHING OTHER THAN A $1.27?

7         **MR. MILLER:**  THAT I DO NOT REMEMBER.  SINCE IT WAS A

8    DEFENSE EXHIBIT, IT WAS NOT ENTERED INTO EVIDENCE, I HAVE NO

9    SPECIFIC MEMORY OF THAT.

10        BUT ALSO KEEP IN MIND, IF THEY WERE LOOKING FOR

11   PRIVATE SANTIAGO'S LUGGAGE, THAT THIS WAS AN EITHER/OR

12   ARGUMENT, THAT IF THE DEFENDANT WAS TELLING THE TRUTH THAT HE

13   TOOK THIS TRIP THEN HE WOULD HAVE HAD LUGGAGE.  AND IF THERE

14   IS NO LUGGAGE THEN HE IS GUILTY.

15        BUT IF HE TESTIFIED I TOOK THIS TRIP BUT SOMEONE

16   SNUCK THE MARIJUANA INTO THE TRUCK THAT HAD MY NAME ON THE

17   SIDE, AND I HAD LUGGAGE; THEN HE WAS GUILTY BECAUSE THE PERSON

18   WHO SNUCK IT IN WOULD HAVE A REASONABLE EXPECTATION THAT WHERE

19   WOULD MR. MALONEY PUT THE LUGGAGE?  RIGHT ON THE SHELF WHERE

20   THE MARIJUANA WAS.

21        SO IF IT WAS -- IF THERE WAS LUGGAGE HE WOULD HAVE

22   BEEN GUILTY; IF THERE WAS NO LUGGAGE HE WOULD HAVE BEEN

23   GUILTY.  SO IT IS AN EITHER/OR ARGUMENT.

24         **THE COURT:**  ALL RIGHT.

25         **MR. MILLER:**  AND I HAD NOT EVEN THOUGHT OF EXHIBIT K

1    SINCE IT WAS USED AT TRIAL.

2          **THE COURT:**  AT THE TIME OF TRIAL THERE WAS A REQUEST

3    FOR SURREBUTTAL, AND I DECLINED TO ALLOW THAT, AND THERE WERE

4    A COUPLE OF REASONS THAT WERE DISCUSSED.  ONE IS THAT THERE

5    WAS A PROFFER AS TO WHAT MR. MALONEY WOULD TESTIFY TO, SO THE

6    REBUTTAL ARGUMENT WOULD BE BASED ON A PROFFER AS OPPOSED TO

7    ACTUAL TESTIMONY.  AND THERE WAS DISCUSSION IN THE RECORD AND

8    THAT WAS --

9          **MR. LEMON:**  YOUR HONOR, IF I COULD JUST ADDRESS THAT

10   DISCRETE POINT BRIEFLY.

11          **THE COURT:**  YES.

12          **MR. LEMON:**  I REMEMBER WE WERE AT SIDEBAR AND I DID

13   MAKE A PROFFER AS TO WHAT MR. MALONEY WOULD HAVE SAID ABOUT

14   THE LUGGAGE, AND YOUR HONOR SAID WELL, THAT IS NOT A PROPER

15   BASIS FOR SURREBUTTAL.

16          AND THEN I RESPONDED:  AND I WOULDN'T MAKE THAT

17   ARGUMENT IN SURREBUTTAL.  THE ARGUMENT I WOULD MAKE IS THAT

18   MR. MALONEY TESTIFIED AND THE GOVERNMENT COULD HAVE ASKED HIM

19   ABOUT THE LUGGAGE IF THEY WANTED TO.

20          SO I WANT TO BE CLEAR ON THAT.  I NEVER WANTED TO

21   PROFFER TO THE JURY WHAT MR. MALONEY WOULD HAVE SAID ABOUT

22   LUGGAGE HAD HE BEEN ASKED ABOUT IT.  THAT WAS NEVER THE POINT

23   OF THAT.

24          **THE COURT:**  THAT'S NOT MY RECOLLECTION, BUT THE

25   RECORD WILL --

```
1         MR. LEMON:  RIGHT.  I BELIEVE -- IN FACT, I AM

2    ALMOST CERTAIN IT IS IN THE TRANSCRIPT BECAUSE I REMEMBER THAT

3    COMING UP WHEN THE CASE WAS ON APPEAL AND I FOUND IT.

4         THE COURT:  THE OTHER MATTER WAS THIS, AND THAT IS

5    THAT I FELT THAT MR. MILLER'S CLOSING WAS PROPER AND A FAIR

6    REBUTTAL ARGUMENT.  THAT IT WAS TETHERED TO THE EVIDENCE IN

7    THE RECORD AND INFERENCES THAT COULD PROPERLY BE DRAWN FROM

8    THAT EVIDENCE BECAUSE MR. MALONEY DID TESTIFY THAT HE HAD BEEN

9    ON THE ROAD FOR THREE DAYS.  THERE WAS THIS EXHIBIT K THAT HAD

10   THIS PERSONAL PROPERTY INVENTORY.  AND IT SEEMED TO ME THAT

11   THOSE ARE FAIR INFERENCES TO MAKE THE ARGUMENT THAT THERE

12   OUGHT TO HAVE BEEN LUGGAGE IDENTIFIED, AND IT MAY HAVE BEEN

13   IDENTIFIED IN EXHIBIT K.  SO ULTIMATELY IT SEEMED TO ME TO BE

14   WITHIN THE FAIR BOUNDS OF ARGUMENT.

15        OBVIOUSLY THERE IS A DISSENT AND THERE IS AN EN BANC

16   REVIEW.  I THINK IT IS GOING TO BE FOCUSED ON THAT QUESTION,

17   WHETHER THE REBUTTAL ARGUMENT WAS FAIR OR SANDBAGGING, NOT

18   APPROPRIATELY TETHERED TO EVIDENCE IN THIS CASE.

19        BUT AS YOU --

20        MR. LEMON:  YOUR HONOR, IF I MAY.  SORRY TO

21   INTERRUPT.  I THINK IT EVEN MIGHT BE BROADER THAN THAT.  AS

22   LONG AS WE ARE SPECULATING ABOUT WHAT THE EN BANC REVIEW MAY

23   BE, I THINK IT MAY ACTUALLY BE BROADER THAN WHETHER THE

24   REBUTTAL EVIDENCE WAS TETHERED TO EVIDENCE -- I AM SORRY --

25   REBUTTAL ARGUMENT WAS TETHERED TO EVIDENCE IN THE CASE, WHICH
```

1   WAS THE POINT OF THE DISSENT.

2           BUT THERE ARE OUT-OF-CIRCUIT OPINIONS THAT HAVE --

3   OTHER CIRCUITS HAVE EXPRESSLY HELD THAT REBUTTAL IS SUPPOSED

4   TO BE FOR JUST THAT:  REBUTTAL.  EVEN IF EVIDENCE HAS BEEN

5   INTRODUCED PREVIOUSLY IT IS NOT PROPER TO MAKE AN ARGUMENT

6   ABOUT THAT EVIDENCE FOR THE FIRST TIME IN REBUTTAL.  SO I

7   SUSPECT THAT MIGHT BE WHERE THEY ARE GOING.

8           **THE COURT:**  I AM ASSUMING THAT THE REBUTTAL WAS

9   ADDRESSED TO THE ARGUMENTS THAT WERE MADE IN MR. MALONEY'S

10  CLOSING ABOUT HIS TESTIMONY ABOUT THE EVENTS IN THE CASE AND

11  HIS CREDIBILITY, AND THEN MR. MILLER RESPONDED.  SO I WAS

12  ASSUMING THAT ASPECT OF IT.

13          BUT, AS YOU MENTIONED, THE STANDARD HERE IS WHETHER

14  THERE IS A SUBSTANTIAL QUESTION, AND GIVEN A DISSENT AND EN

15  BANC REVIEW IT APPEARS THERE IS A SUBSTANTIAL QUESTION.  THAT

16  IS WHY ULTIMATELY I GO BACK TO THE HARMLESS ERROR ANALYSIS,

17  WHICH GETS US BACK INTO THE EVIDENCE AND THE SPECIFIC MOTION

18  OF WHETHER OR NOT THE COURT OUGHT TO GRANT BOND PENDING

19  APPEAL.

20          AND HERE, I AM GOING TO RESPECTFULLY DENY THE

21  MOTION, BECAUSE WHEN I LOOK AT THE EVIDENCE ITSELF I DON'T

22  HAVE ANY QUESTION THAT MR. MALONEY COMMITTED THE CRIME AND HE

23  WAS PROPERLY CONVICTED.  SO JUST FOCUSING ON THE MERITS AND

24  ASIDE FROM OTHER ISSUES THAT THE NINTH CIRCUIT MAY BE

25  INTERESTED IN AT A 30,000-FOOT STANDPOINT, PROSECUTORIAL

```
 1    CONDUCT AND THAT TYPE OF THING, I DON'T FIND THAT THE ELEMENTS
 2    SET OUT IN 3143(B)(2), I BELIEVE, HAVE BEEN MET.  SO I WOULD
 3    RESPECTFULLY DENY THE MOTION.
 4              MR. LEMON:  ALL RIGHT.  THANK YOU, YOUR HONOR.
 5              THE COURT:  THANK YOU, MR. LEMON.
 6              MR. LEMON:  YOUR HONOR, ACTUALLY IF I CAN APPROACH.
 7    I GOT ANOTHER LETTER -- I SHOULD POINT OUT GLORIA AND HER SON
 8    JONATHAN ARE HERE TO SHOW THEIR SUPPORT FOR MR. MALONEY TODAY.
 9              THE COURT:  YES.  GOOD MORNING.
10              MR. LEMON:  IF I CAN APPROACH.
11              I HAVE GIVEN MR. MILLER A COPY OF THIS.  IT IS AN
12    UPDATED LETTER FROM HER CURRENT TREATING PHYSICIAN.  IF I
13    COULD JUST FILE THIS.
14              THE COURT:  YES.
15              MR. LEMON:  THANK YOU.
16              THE COURT:  THANK YOU VERY MUCH.
17              MR. LEMON:  THANK YOU, YOUR HONOR.
18
19                              *   *   *
20              I CERTIFY THAT THE FOREGOING IS A CORRECT
              TRANSCRIPT FROM THE RECORD OF PROCEEDINGS
21              IN THE ABOVE-ENTITLED MATTER.
22              S/LEEANN PENCE                        7/17/2013
23              LEEANN PENCE, OFFICIAL COURT REPORTER   DATE
24
25
```

JUNE 28, 2013